UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WERONIKA JANCZUK,<br><br>       Plaintiff,<br><br>  -against-<br><br>UNITED STATES OF AMERICA, et al.<br><br>       Defendants. | 24-CV-2749 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Weronika Janczuk, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction and seeking injunctive relief. By order dated April 17, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff brings this action naming as defendants the United States of America and the Federal Communications Commission ("FCC"). The following facts are taken from the complaint.[1] At various times in Plaintiff's life, including during her 2022-23 detention at the Metropolitan Detention Center in Brooklyn, New York,

> she encountered coursework for university students offered by faculty at Columbia University . . . [and] has sat in classrooms in which a teacher assigns a random student to read out loud a text and has heard that student assigned read the text in such a way that those . . . specializing in literature in their function as literary agents, editors, and/or publishers would, if mapped against reading unsolicited manuscripts in the realm of book publishing, consider unworthy of publication (in other words, to map back, consider it unworthy of being read), it being potentially damaging to the human person, that person's psyche, that person's perception of reality and of persons, and otherwise.

(ECF 1, at 4.) Plaintiff claims that she "has experienced cardiovascular trauma over attitudinally-read or immaturely-read class literature, herein medical references inserted without cause for drama, reflecting instead a basic lived experience." (*Id.*) She also claims that she "can identify immature behavior in fellow classmates that entirely colors her psychiatric disposition towards profundity states in human persons, and would argue that the classes should have been pre-segregated . . . and then taught proportionately." (*Id.* at 4-5.)

In the injury section of the complaint, Plaintiff states that she "loses time every single instance the US relies on disparate corporate homeless system in the USA without a singly-integrated mainframe, requiring hours of paperwork per every shift, including governmentally-imposed." (*Id.* at 5.) Plaintiff "sues to request that the US develop an entirely clean privacy-security trajectory, with personalization as required, that would . . . place essential human

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

information . . . in an online platform, crypted, that would . . . link to an Apple iPhone Wallet and could be uploaded in all places where information is required in accord with one basic . . . bit.ly-esque crypt generated with a single buttonary touch," as well as other injunctive relief. (*Id.* at 5.)

## DISCUSSION

### A. Sovereign immunity

The Court must dismiss Plaintiff's claims against the United States of America and the FCC under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Plaintiff alleges no facts or legal provisions that suggest that the doctrine of sovereign immunity has been waived with respect to her claims against Defendants. The Court therefore dismisses Plaintiff's claims against the United States of America and the FCC under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### B. Standing

Plaintiff has also failed to allege facts sufficient to show that she has standing to assert her claims. Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997). To demonstrate standing, a plaintiff must show that: (1) she has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by

the requested relief. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests with the party bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Moreover, "a generalized grievance, no matter how sincere, is insufficient to confer standing. A litigant raising only a generally available grievance . . . and seeking relief that no more directly and tangibly benefits [her] than it does the public at large . . . does not state an Article III case or controversy." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (internal quotation marks and citation omitted)."'If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [her] claim.'" *Mahon*, 683 F.3d at 62 (internal quotation marks and citation omitted); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . is an Art. III as well as a statutory requirement. . . .").

Here, Plaintiff does not allege any facts showing that she has suffered a concrete and particularized injury caused by Defendants. Rather, she seeks relief from Defendants for the alleged harm caused by unidentified third parties. Accordingly, the Court also dismisses Plaintiff's claims for lack of standing and, consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mahon*, 683 F.3d at 62.

C.     **Plaintiff's action is frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. *See* 28 U.S.C. §1915(e)(2)(B)(i). An action is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437

4

("An action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

Plaintiff, without any legal basis to do so, asks this Court to compel the United States and the FCC to adopt her recommendations. Because there is no legal basis for these claims for relief, the Court further dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**D.     Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction and as frivolous. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this case are terminated.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment in this case.

SO ORDERED.

Dated:   October 17, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge